IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) CRIMINAL NO.: 07-72 |
| | ) |
| MAURICE THOMAS | ) |

**<u>SENTENCING MEMORANDUM</u>**

AND NOW, comes the defendant, Maurice Thomas, by his attorney, John A. Knorr, Esquire, and JOHN KNORR LAW, and files the following Sentencing Memorandum as an aid to the Court in sentencing in this matter.

<u>INTRODUCTION</u>

The guideline range as calculated by the Presentence Investigation Report and as noted in this Court's Memorandum Order and Tentative Findings is twelve to eighteen months. (Memorandum Order Paragraph 2(l)).  The defendant asks that the Court impose a twelve month sentence of home confinement with permission for work release and release for religious activities and medical treatment rather than any period of incarceration, followed by a two year term of supervised release.  This non-guideline sentence would permit him to remain in the community, remain gainfully employed, and continue his rehabilitation and otherwise unblemished criminal record.  A sentence that would send this defendant to prison would be longer than necessary when considering "the seriousness of the offense," promotion of "respect for the law," and providing "just punishment for the offense." (§3553(a)(2)(A)).  On the other hand, the recommended

sentence will "afford adequate deterrence to criminal conduct" in that the defendant will be under restrictions to his liberty during the first 12 months of his sentence and under supervised release for the balance of 24 months.  It should also be noted that it will minimize the requirements of §§(2)(D) of §3553(a) in that there will be less need "to provide the defendant with needed educational or vocational training . . . in the most effective manner . . ." in that his vocation/employment will not have been seriously interrupted.

In considering the specifics of the case, i.e. the nature and circumstances of the offense and the history and characteristics of the defendant as well as the facts in the light of the purposes of sentencing and the needs of the public and any victims, this recommended sentence will accomplish those goals and result in a sentence "sufficient but not greater than necessary" to comply with the purposes of sentencing set forth in §3553(a)(2).

## ARGUMENT

One of the factors set forth at 18 U.S.C. §3553(a)(2)(C) is the need "to protect the public from further crimes of the defendant."  The question presented for the Court's consideration as the Court considers §3553(a)(1) which instructs the Court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant," is whether a period of incarceration will accomplish the aim of protecting "the public from future crimes of the defendant" or encourage it,

given the "history and characteristics of the defendant."  In this instance, the Court has before it a young man who it is suspected is unlike most young men who come before this member of the Court for sentencing, one who has zero prior criminal record, and one who is gainfully employed at a full-time job earning $11 per hour.  (See paragraph 60 of the PSIR identifying defendant's employer and earnings.)

It is respectfully submitted that a sentence of incarceration, which will separate the defendant from and presumably permanently end his employment, will result in an "ex-con" leaving prison in some number of months without employment and without many of the federal benefits from which he has been disqualified by his conviction.  Query whether this achieves a legitimate aim of the court or whether it contradicts the need to ameliorate this defendant's condition and protect society from further "future crimes of the defendant."

It is submitted that a sentence of supervised release for a period of 36 months, with the first 12 months in home detention subject to permission to leave his home for work, religious activities, and health care activities, will adequately give the Court an opportunity to observe the defendant's crime-free behavior or force him to answer for the consequences of his failure to remain crime-free.  This sentence would better accomplish the goals of 18 U.S.C. §3553(a)(2)(C) than a strict guideline sentence.  In so sentencing this defendant, it gives the Court the maximum opportunity to observe the defendant's progress with the minimum risk of allowing him to escape

punishment, while keeping this defendant on his own tab rather than that of the government.

                                        Respectfully submitted,

                                        ___s/John A. Knorr_____
                                        John A. Knorr, Esquire
                                        Attorney for Defendant
                                        JOHN KNORR LAW
                                        1204 Frick Building
                                        437 Grant Street
                                        Pittsburgh, PA 15219
                                        (412) 261-1186
                                        Pa. I.D. 19803
                                        jknorr@johnknorrlaw.com